UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MELVIN FRANK SHERMAN III,<br>    *Plaintiff*,<br><br>    v.<br><br>UCONN HEALTH, et al.,<br>    *Defendants*. | No. 3:22-cv-1405 (VAB) |

**INITIAL REVIEW ORDER**

Melvin Frank Sherman III ("Plaintiff"), currently confined at Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, has filed a Complaint *pro se* under 42 U.S.C. § 1983.

Mr. Sherman names twenty defendants, UConn Health, Commissioner Angel Quiros, Warden Martin, Deputy Warden Foota, Dr. Johnny Wright, Dr. Brian Rader, Dr. Baily, Nurse Kara Philips, Officer David Evan, Officer Colby, Officer Gordon, Officer Robert Lisk, Grievance Officer Kim King, Unit Manager Lieutenant Bragdon, Lieutenant Bauers, Dr. Gagne, Lieutenant Pearson, Mental Health Supervisor Yesi, Warden Washington, and Officer Blevons. All individual defendants are named in their individual and official capacities. He seeks damages as well as declaratory and injunctive relief.

For the reasons stated below, this Complaint is **DISMISSED** without prejudice.

If Mr. Sherman wishes to file an Amended Complaint, which remedies the deficiencies identified below, he must do so by **December 23, 2022**. Otherwise, this case may be dismissed with prejudice without further notice from the Court.

I.      BACKGROUND

Mr. Sherman's Complaint consists of 43 pages. *See* Compl., ECF No. 1 ("Compl."). Each page, however, is numbered 1 of 500, 2 of 500, etc. In his cover letter, Mr. Sherman states that the entire submission is 500 pages and that he intends to submit an additional 450 pages once he received the docket number for the case. *See* Notice, ECF No. 1-1. It is not clear whether the additional pages are exhibits or additional allegations and claims.

In light of the orders that follow, the Court will not set forth Mr. Sherman's allegations which encompass thirty-five pages and eighty-five lengthy paragraphs of the portion of the Complaint submitted thus far. In his introductory paragraphs, Mr. Sherman identifies his claims as deliberate indifference to medical needs ranging from cysts on his spine which have been untreated for a number of years to COVID-19 which he contracted in June 2022, assaults by correctional staff, and deliberate indifference to mental health needs. Compl. 1 ¶¶ 2–4. Later in the Complaint, Mr. Sherman includes claims of retaliation, denial of access to the courts, and denial of parole. *Id.* ¶¶ 94–95.

II.     STANDARD OF REVIEW

Under section 1915A of title 28 of the United States Code, the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.* In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). This requirement applies both when the plaintiff pays the filing fee and when he proceeds *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam).

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "'A document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, notwithstanding this liberal interpretation, a *pro se* complaint will not survive dismissal unless the factual allegations meet the plausibility standard. *See, e.g., Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

In addition, *pro se* litigants are required to comply with the requirements of Federal Rule of Civil Procedure 8. *See, e.g.*, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004) ("[T]he basis requirements of Rule 8 apply to self-represented and counseled plaintiffs alike.").

### III. DISCUSSION

Rule 8 requires that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and provide "fair notice of what the . . . claim is and the grounds upon which it rests," *see Twombly*, 550 U.S. at 555 (alteration in original). A statement of claim that is not short and direct places "an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Harden v. Doe*, No. 19-CV-3839 (CM), 2019 WL 2578157, at *2 (S.D.N.Y. June 24, 2019) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d

Cir. 1988) (internal quotation marks omitted)). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

Mr. Sherman has not complied with the requirements of Rule 8.

His Complaint does not include a statement of facts. Instead, the pages include some facts interspersed with his view of the case and what his evidence will demonstrate. His paragraphs are not in chronological order and do not address each claim in turn. Rather, they skip from claim to claim and back and forth in time. Nor does a 500-page submission comply with the requirement that the complaint be a short and concise statement of the claim.

The purpose of the additional 450 pages is not clear. As Mr. Sherman refers to exhibits in the initial submission, the Court assumes that, at least, some of the pages are those exhibits. If Mr. Sherman assumes, however, that attaching numerous exhibits will state additional claims for him, he is mistaken. "Under the Federal Rules of Civil Procedure, a complaint must be a plain and concise statement of facts constituting a claim recognized by law, and therefore a plaintiff may not file exhibits in lieu of alleging facts in the complaint against a defendant." *Rahim v. Barsto*, No. 3:22-cv-619 (MPS), 2022 WL 2704102, at *5 (D. Conn. July 12, 2022) (citations omitted).

In addition, Rule 20 of the Federal Rules of Civil Procedure permits joinder of multiple defendants in one action only if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions and occurrences; and . . . any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "What will constitute the same transaction or occurrence under the first prong of Rule 20(a) is approached on a case by case basis." *Dixon v. Scott Fetzer Co.*, 317 F.R.D. 329, 331 (D. Conn. 2016) (citation and quotation marks omitted).

"The same transaction requirement means that there must be some allegation that the joined defendants conspired or acted jointly." *Arista Records LLC v. Does 1-4*, 589 F. Supp. 2d 151, 154 (D. Conn. 2008) (citation and quotation marks omitted).  As the Second Circuit has observed in the Rule 13 context,[1] whether a counterclaim arises out of the same transaction as the original claim depends upon the logical relationship between the claims and whether the "essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Harris v. Steinem*, 571 F.2d 119, 123 (2d Cir. 1978).

The mere fact that the same statutes may be at issue in two claims is insufficient to render them sufficiently related so as to support joinder. "Where, as here, plaintiffs' claims under the same statutory framework arise from different circumstances and would require separate analyses, they are not logically related." *Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp. 2d 258, 264 (D. Conn. 2012).  The court may "drop a party[]" that it finds to be misjoined. Fed. R. Civ. P. 21.

Mr. Sherman identifies at least six claims, deliberate indifference to medical needs, deliberate indifference to mental health needs, assault by correctional staff, retaliation, denial of access to the courts, and denial of parole. Although some of the claims may be related, not all are. For example, his claim of assault by correctional officers is unrelated to his deliberate indifference to medical needs claim which is unrelated to his claim for denial of parole. These claims would involve different legal analysis and different defendants. Thus, they are improperly joined in this action.

---

[1] "In construing the term 'transaction or occurrence' under Rule 20, many courts have drawn guidance from the use of the same term in Rule 13(a), applying to compulsory counterclaims." *Barnhart v. Town of Parma*, 252 F.R.D. 156, 160 (W.D.N.Y. 2008) (citation omitted).

As a result, Mr. Sherman is directed to file an Amended Complaint that complies with the requirements of Rule 8 by **December 23, 2022**. The Amended Complaint shall include a statement of facts containing clear concise factual statements showing how the defendants involved in the claim violated his constitutional rights. In addition, Mr. Sherman shall include in the Amended Complaint only claims that may be properly joined. He may pursue his other claims in separate actions.

IV. **CONCLUSION**

For the reasons stated above, this Complaint is **DISMISSED** without prejudice.

If Mr. Sherman wishes to file an Amended Complaint, which remedies the deficiencies identified above, he must do so by **December 23, 2022**. Otherwise, this case may be dismissed with prejudice without further notice from the Court

SO ORDERED. Dated this 18th day of November 2022 at Bridgeport, Connecticut.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge